# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Xingfei Luo <br><br> v. <br><br> Todd Spitzer, et al. <br><br> PLAINTIFF(S) / DEFENDANT(S) | **CASE NUMBER** <br><br> 8:23-cv-00096-MEMF-KES <br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

　　☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
　　☐ The action is frivolous or malicious.
　　☒ The action fails to state a claim upon which relief may be granted.
　　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:



If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

January 23, 2023

Date

Maame Ewusi-Mensah Frimpong, United States District Judge

CV-73 (07/22)      ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

Because Plaintiff Xingfei Luo ("Plaintiff") has requested leave to proceed in forma pauperis in this action ("IFP Request"), the Court has screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Complaint alleges that the Orange County Superior Court issued invalid domestic violence restraining orders against Plaintiff and that she was wrongfully prosecuted for violated a protective order, as well as vandalism and disorderly conduct. ECF No. 1 at 1-3, 14-26. Plaintiff seeks declaratory and injunctive relief "stating that all three restraining orders [issued against Plaintiff in state court] are in violation of First and Fourteenth Amendments of the United States and an order enjoining Defendants and all their agents from enforcing all three restraining orders against Plaintiff[] in violation of her constitutional rights." ECF No. 1 at 2-3, 26-27.

First, the Court lacks subject matter jurisdiction over the Complaint because, to find in Plaintiff's favor, the Court would unavoidably have to find that the Orange County Superior Court's decision to issue the protective orders was in error. Under the Rooker–Feldman doctrine, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). The Rooker-Feldman doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." Cooper, 704 F.3d at 777. "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted). The Complaint presents just such a de facto appeal.

Second, to the extent Plaintiff might be challenging any conviction and/or sentence resulting from the allegedly invalid protective orders, the Complaint still is subject to dismissal. To the extent Plaintiff's criminal matter remains pending in the state courts, review of the Complaint is prohibited by the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). Younger abstention is required if state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate federal claims. Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). On the other hand, to the extent Plaintiff's criminal matter in the state courts has concluded, Plaintiff has not shown that a challenge to her conviction and/or sentence is appropriately raised via a § 1983 complaint. A claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the [plaintiff] proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)). Rather, Plaintiff may present such challenges to her conviction and/or sentence in her habeas corpus matter currently pending before the Court in case number 8:22-cv-01640-MEMF-KES.

*(attach additional pages if necessary)*