XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Plaintiff in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
JAN 26 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: JD DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>   Plaintiff,<br><br> v.<br><br>TODD SPITZER, in his official capacity as Orange County District Attorney; DAVID VALENTIN, in his official capacity as Police Chief of Santa Ana Police Department; and DOES 1-10,<br><br>   Defendants. | No. 8:23-cv-00096-MEMF-KES<br><br>**MOTION FOR RECONSIDERATION OF ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS** |

  Xingfei Luo (Plaintiff) files this action for declaratory[1] and injunctive relief due to both great and immediate irreparable injuries to her liberty and property. ECF 1. The court denied Plaintiff's request to proceed in forma pauperis. ECF 7. Plaintiff hereby moves the Court to reconsider the order on request to proceed in forma pauperis. ECF 7.

 **I.**  **RECONSIDERATION IS APPROPRIATE IF THE DISTRICT COURT COMMITTED CLEAR ERROR OR THE INITIAL DECISION WAS MANIFESTLY UNJUST**

---

[1] A district court can generally protect the interests of a federal plaintiff by entering a declaratory judgment. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930-931 (1975).

1

Under L.R. 7-18, a motion for reconsideration of the decision may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994).

As discussed below, the Court should reconsider the order on request to proceed in forma pauperis. ECF 7.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT

### A. The Rooker-Feldman Doctrine Does Not Apply Here

A suit brought in federal district court is a "de facto appeal" forbidden by Rooker-Feldman when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003). In contrast, if a plaintiff "asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." Id.

Rooker–Feldman has no application to judicial review of **executive action**, including determinations made by a state administrative agency. *Verizon Maryland Inc. v. Public Service Commission*, 535 U.S. 635, 645 n.3 (2002).

Rooker-Feldman abstention didn't bar plaintiff's action against state officials enforcing a court order allegedly unconstitutionally. *Brown v. Taylor*, 2017 U.S. App.

2

LEXIS 1742 (5th Cir. Jan. 31, 2017). Rooker-Feldman does not prevent review of such discretionary executive action taken in enforcing state court judgments. See *Mosley v. Bowie Cty. Tex.*, 275 F. App'x 327, 329 (5th Cir. 2008) (noting that although a court could not hear a collateral attack on a state court judgment requiring payment of child support, it could consider claims that defendants violated constitutional rights "in the effort to enforce the state child support judgment"); *Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 680 (5th Cir. 2015) ("[T]he … claims do not attack the state-court judgment; they complain about the [defendants'] violations of their independent legal obligations.")

The state court judgment involved Tomas Czodor (Czodor) who is not a party to this action. What Plaintiff complains is the enforcement of facially unconstitutional court orders by TODD SPITZER and DAVID VALENTIN. Therefore, Rooker-Feldman does not apply. See *Carmona v. Carmona*, 603 F.3d 1041, 1052 (9th Cir. 2008) (Concluding that Rooker–Feldman did not apply to a claim against a new party "even though [the claim] raise[d] the same legal issue" as claims against prior parties.)

Further, Czodor committed extrinsic fraud by concealing his marital history to obtain the challenged restraining orders. ECF 1 at 17. See *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) (where a party alleges extrinsic fraud by an adverse party in procuring a state court judgment, the Rooker-Feldman doctrine does not apply, because such a claim does not challenge the state court decision directly); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) (holding that the extrinsic fraud corollary to the Rooker - Feldman doctrine would apply even if the plaintiff had directly challenged the juvenile court decision.)

B. <u>Extraordinary Circumstances Present to Enjoin Pending State Criminal Prosecution Against Plaintiff</u>

There are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is "the normal thing to do," *Younger v. Harris*, 401 U.S., at 45. There are carefully defined areas in which such "abstention" is permissible, and it remains "the exception, not the rule." *Hawaii Housing*

*Authority v. Midkiff*, 467 U.S. 229, 236 (1984), quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States. *Colorado River Water Conservation Dist. v. United States*, 424 U.S., at 817; *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 (1983).

It is correct that generally a court will not enjoin "the enforcement of a criminal statute even though unconstitutional," *Spielman Motor Co. v. Dodge*, 295 U.S. 89, 95 (1935), since "[s]uch a result seriously impairs the State's interest in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger*," *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930-931 (1975). But this is not an absolute policy and in some circumstances injunctive relief may be appropriate. "To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights." *Wooley v. Maynard*, 430 U.S. 705, 712 (1977) (quoting *Spielman Motor Co.*, supra, at 95.)

Abstention is not appropriate if the federal plaintiff will "suffer irreparable injury" absent equitable relief. *Younger*, 401 U.S., at 43-44; see also id., at 48. Irreparable injury may possibly be established, *Younger* suggested, by a showing that the challenged state statute is "'flagrantly and patently violative of express constitutional prohibitions . . .,'" id., at 53-54, quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941). See also *Public Util. Comm'n of Ohio v. United Fuel Gas Co.*, 317 U.S. 456 (1943) (upholding the order of a District Court enjoining the State Public Utilities Commission from attempting directly to regulate interstate gas prices because such actions were "on their face plainly invalid," id., at 469 (emphasis added)).

Federal courts may enjoin pending state criminal prosecutions under extraordinary circumstances where the danger of irreparable loss is both great and immediate in that there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution even in the absence of bad faith and harassment. *Younger v. Harris*, 401 U.S. 37 (1971). This case is well within the equity jurisdiction.

*Raich v. Truax*, 219 F. 273; *Truax v. Raich*, 239 U.S. 33; *Buchanan v. Warley*, 245 U.S. 60. To deny equitable relief because of a single pending charge would present the suitor with the dilemma of foregoing irreplaceable rights or incurring a staggering penalty.

    Exceptional circumstances call for this court to exercise federal jurisdiction under *Ex Parte Young*: (1) the three challenged restraining orders, directly aimed at speech, are patently invalid under federal law; (2) there is no direct appeal available to Plaintiff at the moment which indicates there is no adequate remedy at law; (3) Plaintiff was already wrongfully convicted once, a situation in which defense of the State's criminal prosecution did not assure adequate vindication of constitutional rights; (4) Plaintiff's first wrongful conviction was affirmed by state court[2], an indication that state proceedings did not provide Plaintiff an adequate opportunity to litigate federal claims; (5) there is a pending criminal prosecution, filed in January 2023, to prosecute Plaintiff the second time based on the same patently invalid restraining order and there is no indication Plaintiff will have adequate vindication of constitutional rights given her first wrongful conviction; (6) a substantial loss or impairment of freedoms of expression will occur if Plaintiff must await the state court's disposition and ultimate review in this Court of any adverse determination; See *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (holding that an allegation of impairment of freedom of expression demonstrated an irreparable injury); and (7) there is no important state interests in manufacturing wrongful convictions and there is important state interests in protecting free speech. See *Younger v. Harris*, 401 U.S. 37 (1971) (noting that federal courts would intervene to enjoin state prosecutions in First Amendment cases.)

    The presumption, that state's vital interest in carrying out its executive functions, is overcome when the challenged provision is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at

---

[2] Past criminal proceedings may indicate the likelihood of future prosecution and support a claim for declaratory and injunctive relief. *Wooley v. Maynard*, 430 U.S. 705, 711-12 (1977).

53–54, 91 S.Ct. 746 (quoting *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 85 L.Ed. 1416 (1941))

In *Ex parte Young*, 209 U.S. 123, the fountainhead of federal injunctions against state prosecutions, the Court characterized the power and its proper exercise in broad terms: it would be justified where state officers ". . . threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution . . . ." 209 U.S., at 156. See *Verizon Maryland Inc. v. Public Service Commission*, 535 U.S. 635, 636 (2002) (Holding that whether *Ex Parte Young* applied required a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.")

The unconstitutionality of a state law is not of itself ground for equitable relief in the courts of the United States. That a suit in equity does not lie where there is a plain, adequate and complete remedy at law is so well understood as not to require the citation of authorities. But the legal remedy must be as complete, practical and efficient as that which equity could afford. *Boise Artesian Water Co. v. Boise City*, 213 U.S. 276, 281; *Walla Walla City v. Walla Walla Water Co.*, 172 U.S. 1, 11, 12. Equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the Federal Constitution wherever it is essential in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable; and in such a case a person, who as an officer of the State is clothed with the duty of enforcing its laws and who threatens and is about to commence proceedings, either civil or criminal, to enforce such a law against parties affected, may be enjoined from such action by a federal court of equity. *Cavanaugh v. Looney*, 248 U.S. 453, 456; *Truax v. Raich*, 239 U.S. 33, 37, 38. See also *Ex parte Young*, 209 U.S. 123, 155, 162; *Adams v. Tanner*, 244 U.S. 590, 592; *Greene v. Louisville Interurban R.R. Co.*, id. 499, 506; *Home Telephone Telegraph Co. v. Los Angeles*, 227 U.S. 278, 293; *Philadelphia Co. v. Stimson*, 223 U.S. 605, 621; *Western Union Telegraph Co. v. Andrews*, 216 U.S. 165; *Dobbins v. Los Angeles*, 195 U.S. 223,

241; *Davis Farnum Manufacturing Co. v. Los Angeles*, 189 U.S. 207, 217.

*Dombrowski v. Pfister*, 380 U.S. 479 (holding that civil rights workers entitled to an injunction against prosecutions under a state law broadly regulating speech) represents an exception to the general rule that federal courts should not interfere with state criminal prosecutions. The exception does not arise merely because prosecutions are threatened to which the First Amendment will be the proffered defense. Dombrowski governs statutes which are a blunderbuss by themselves or when used en masse — those that have an "overbroad" sweep. "If the rule were otherwise, the contours of regulation would have to be hammered out case by case — and tested only by those hardy enough to risk criminal prosecution to determine the proper scope of regulation." Id., at 487. It was in the context of overbroad state statutes that we spoke of the "chilling effect upon the exercise of First Amendment rights" caused by state prosecutions. Ibid.

Even if the above arguments cannot convince this court, the court should still retain jurisdiction for the purpose of affording Plaintiff appropriate relief in the event that the state prosecution did not go forward in a prompt and bona fide manner. See *Harrison v. NAACP*, 360 U.S. 167.

### III. THE COURT SHOULD PERMIT PLAINTIFF TO INVOKE FEDERAL JURISDICTION UNDER THE CIVIL RIGHTS ACT

Plaintiff does not seek to challenge her prior conviction through this complaint. Rather, she seeks declaratory relief as to the three challenged restraining orders and injunctive relief as to the pending prosecution. In essence, Plaintiff seeks judicial review of executive action. See *Verizon Maryland Inc. v. Public Service Commission*, 535 U.S. 635, 636 (2002) (Holding that declaratory relief, even as to the legality of past action, is "prospective" for purposes of *Ex parte Young*, and thus may be obtained against state officials sued in their official capacities.)

One of the jurisdiction-enlarging statutes passed during Reconstruction was the Act of April 20, 1871. 17 Stat. 13. Beyond its jurisdictional provision that statute, codified as 42 U.S.C. § 1983, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added.)

A state law enforcement officer is someone acting under "color of law" even though he may be misusing his authority. *Monroe v. Pape*, 365 U.S. 167. And prosecution under a patently unconstitutional statute is a "deprivation of . . . rights, privileges, or immunities secured by the Constitution." "Suit[s] in equity" obviously includes injunctions. A litigant is entitled to resort to a federal forum in seeking redress under 42 U.S.C. § 1983 for an alleged deprivation of federal rights. *Huffman v. Pursue*, Ltd., 420 U.S. 592, 609-610, n. 21 (1975).

If 42 U.S.C. § 1983 is insufficient the court should permit Plaintiff to invoke Civil Rights Act. See *Monroe v. Pape*, 365 U.S. 167 (1961) (holding that federal courts have concurrent jurisdiction over deprivations of civil rights, and may not defer to state courts.)

### IV.  CONCLUSION

For the foregoing reasons, the court should grant this motion. In the alternative, permit Plaintiff to amend her complaint.

Respectfully submitted.

Date: January 26, 2023

                                              */s/ Xingfei Luo*

                                              Xingfei Luo