UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>TODD SPITZER, in his official capacity as Orange County District Attorney; DAVID VALENTIN, in his official capacity as Police Chief of Santa Ana Police Department; and DOES 1-10,<br><br>　　　　　　Defendant. | Case No.: 8:23-cv-00096-MEMF-KES<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION RE ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 9]** |

　　　Before the Court is the Motion for Reconsideration filed by of the Court's Order denying the request to proceed in forma pauperis, filed by Plaintiff Xingfei Luo. For the reasons stated herein, the Court hereby DENIES the Motion for Reconsideration.

/ / /

/ / /

/ / /

/ / /

1

I. **Background**

  A. Factual Background[1]

Xingfei Luo ("Luo") is an individual residing in Los Angeles County. Compl. ¶ 12. Defendant Todd Spitzer ("Spitzer") is an Orange County District Attorney. *Id.* ¶ Defendant David Valentin ("Valentin") is Police Chief of Santa Ana Police Department.

Non-party Tomas Czodor ("Czodor") was married to non-party Hanh Le ("Le"). *Id.* ¶ 2. Luo met Czodor through an online dating site, where Czodor presented himself as single despite being married. *Id.* ¶ 46. Czodor has alleged as follows: (1) Czodor sent Luo nude pictures of himself, *id.* ¶ 47; (2) after Luo discovered that Czodor was married, she posted the nude pictures of Czodor on the internet, *id.*; (3) on September 18, 2018, Luo visited Czodor's house and scratched his door with her keys, *id.* ¶ 48.

On September 28, 2018, Czodor filed a request for a Domestic Violence Restraining Order ("DVRO") in Orange County Superior Court. *Id.* ¶ 50. On September 28, 2018, the court entered a Temporary Restraining Order ("TRO") ordering Luo to: (1) remove content from the internet that Luo or accomplices created to destroy Czodor's reputation and (2) stop posting about Czodor on the internet. *Id.* ¶ 51. Luo appeared *pro se* at a DVRO hearing on October 19, 2018. *Id.* ¶ 52. After the hearing, the court entered a DVRO, based in part on a finding that Czodor and Luo were former partners. *Id.* ¶ 53. The DVRO ordered Luo to: (1) cease posting Czodor's pictures or likeness, (2) cease referring to Czodor by name on any social media or blog, and (3) remove any pictures of or references to Czodor from any website where they had been posted. *Id.*

On August 6, 2019, Luo was charged in a misdemeanor complaint with vandalism, violation of a protective order, and disorderly conduct. *Id.* ¶ 55. Spitzer and Valentin caused this misdemeanor complaint to be filed. *Id.* ¶ 13. The prosecution amended the complaint one day before trial to add charges related to failure to remove content from websites. *Id.* ¶ 56. Luo was convicted, based on the "public defender's ineffective assistance of counsel and prosecution's intentional proffer of perjured

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff Xingfei Luo's Complaint Complaint. ECF No. 1. ("Compl."). The Court includes these facts only as background, and makes no finding on whether they are true.

2

testimony and withholding of exculpatory evidence." *Id.* ¶ 61. After conviction, Luo uncovered facts suggesting Czodor's testimony in the trial was false. *Id.* ¶¶ 63–67. A second misdemeanor complaint was filed against Luo in January 2023, and at the time the Complaint in this action was filed, arraignment on this second misdemeanor complaint was scheduled for February 24, 2023. *Id.* ¶ 61.

The court amended the DVRO on October 1, 2021, and ordered Luo: (1) not to post any pictures or likeness of Czodor that would be abusive and (2) to remove any pictures or likeness of Czodor she had posted (regardless of whether they were abusive). *Id.* ¶¶ 4, 54.

### B. Procedural History

Luo brought suit in this Court on January 16, 2023. *See id.* Luo argues that the various restraining orders violate her constitutional rights and brings five causes of action alleging as such. *Id.* ¶¶ 70–102. She seeks declaratory and injunctive relief. *Id.* ¶¶ 68–69.

Also on January 16, 2023, Luo filed a request to proceed *in forma pauperis*. ECF No. 3 ("IFP Request"). The Court denied the IFP Request on January 23, 2023, based on findings that the Court lacked subject matter jurisdiction and Luo failed to state a claim upon which relief could be granted because, in part, her claims were barred by the *Rooker-Feldman* doctrine. ECF No. 7.

Luo filed a Motion for Reconsideration of the Court's order denying the IFP Request on January 26, 2023. ECF No. 9 ("Motion" or "Mot.").

### II. Applicable Law

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). Indeed, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc.*

*v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be only made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.

### III.  Discussion

Luo argues that the Court's Order denying the IFP Request constituted clear error. But Luo has failed to show that the Court's order was incorrect.

As the Court explained in the Order denying the IFP Request, Luo's claims are barred by *Rooker-Feldman* Doctrine, and to the extent that Luo seeks an injunction against future prosecutions, her claims are barred by *Younger* abstention. *See* ECF No. 7 at 2.

Under the *Rooker–Feldman* doctrine, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper*, 704 F.3d at 777. "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted). *Younger* abstention is required if state proceedings (1) are

ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate federal claims. *Columbia Basin Apt. Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

### A. Rooker-Feldman Doctrine bars Luo's claims.

The Court previously held that Luo's complaint was a de facto appeal of the state court's decisions, barred by the *Rooker-Feldman* doctrine. ECF No. 7 at 2. Luo argues that *Rooker-Feldman* doctrine should not apply, but none of her arguments succeed.

First, Luo notes that the *Rooker-Feldman* doctrine does not apply to court review of executive actions. *See* Mot. at 2But here, although Luo claims to be challenging executive action— namely the actions by the District Attorney and Police Chief to enforce the restraining orders entered against here—in reality, she is challenging the underlying restraining orders themselves. *See, e.g.*, ¶1 ("This is an action to *declare three restraining orders invalid and unconstitutional*, and enjoin their enforcement." (emphasis added)); ¶ 73 (First Claim for Relief, stating that "California's failure to enumerate the factors to be considered in determining the existence of a 'dating relationship' enables defendants to *enforce invalid restraining orders* in violation of Plaintiff's due process right." (emphasis added))

Second, Luo explains that *Rooker-Feldman* doctrine does not bar suits that challenge allegedly unconstitutional actions taken to enforce a judgment, citing several non-binding authorities. *See id.* But Luo does not explain how the conduct she challenges here would fall within this exception. In *Mosley v. Bowie Cty. Tex.*, which Luo cites, the Fifth Circuit held that a suit alleging that defendants acted unconstitutionally when seeking to enforce a child support judgment was not barred by *Rooker-Feldman* doctrine, because "such claims do not ask the district court to 'review, modify, or nullify' a final order of a state court." *Mosley v. Bowie Cnty. Texas*, 275 F. App'x 327, 329 (5th Cir. 2008). Here, in contrast, Luo explicitly argues that the "challenged restraining orders infringe on Plaintiff's right to free speech," and seeks a declaration that the orders are unconstitutional. *See* Compl. ¶ 68. She does not challenge any specific action taken to enforce the orders, and rather challenges the orders as a whole and seeks to bar any efforts to enforce them. *See id.* ¶ 69, *see also* Prayer for Relief (Luo requests that the Court "Issue an injunction enjoining Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active

concert or participation with Defendants from enforcing each of the three challenged restraining orders."). To grant this relief requires reviewing the underlying orders, and so Luo's claims here are not within the exception *Mosley* described.

Third, Luo argues that *Rooker-Feldman* doctrine does not bar claims against a different party. *See* Mot. at 3. This is not a correct statement of the rule[2]—*Rooker-Feldman* doctrine can bar suits against different parties where the later suits are a de facto appeal of a previous suit. *See, e.g.*, *Cooper*, 704 F.3d 772, 776–83 (9th Cir. 2012) (*Rooker-Feldman* doctrine bars prisoner's suit against "a host of public officials" who were not parties to initial habeas claim, because the second suit consists of a de facto appeal and other claims inextricably intertwined with the de facto appeal). The fact that the defendants here were not parties to the initial action does not suggest that *Rooker-Feldman* doctrine does not apply.

Finally, Luo argues that because Czodor allegedly committed fraud on the courts to obtain the restraining orders, *Rooker-Feldman* doctrine does not bar a suit to correct the fraud. *See* Mot. at 3. It is correct that "a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). *Rooker-Feldman* doctrine bars suits that allege "errors by the state court" but not suits that allege "fraud on the state court." However, Luo's allegations of fraud on the state court appear limited to her misdemeanor conviction. *See* Compl. ¶¶ 63–67 (describing "Post Conviction Discovery" which allegededly shows that Czodor lied in the July 2021 misdemeanor trial). Luo does not seek to set aside her misdemeanor conviction, and rather seeks to set aside the various restraining orders. *See* Compl. at Prayer for Relief (Luo seeks declaratory judgments that "each of the three challenged restraining orders is unconstitutional" and an injunction prohibiting enforcement of the "each of the three challenged restraining orders," but does not seek to set aside her misdemeanor conviction). Because Luo does not allege any fraud on the court was used to obtain the restraining orders, this exception does not apply.

---

[2] Luo cites *Carmona v. Carmona*, which held that where a "suit involves a new party and new claims . . .it is only res judicata, and not the law of the case doctrine, that may apply." *Carmona v. Carmona*, 603 F.3d 1041, 1052 (9th Cir. 2010). This holding does not limit the applicability of *Rooker-Feldman* doctrine.

### B. *Younger* abstention bars Luo's claims to the extent she seeks to enjoin pending criminal proceedings.

The Court previously held that to "the extent Plaintiff's criminal matter remains pending in the state courts, review of the Complaint is prohibited by the *Younger* abstention doctrine." ECF No. 7 at 2. Luo argues that "extraordinary circumstances" are present that justify a departure from the typical rule, and that the Court should enjoin any prosecution based on the challenged restraining orders. *See* Mot. at 3–6. This argument fails.

*Younger* abstention typically requires that federal courts not enjoin state court prosecutions. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971). There is an exception for "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Id.* at 45.

Luo cites several factors that she argues constitute such extraordinary circumstances. *See* Mot. at 5. She argues that (1) the restraining orders are "patently invalid;" (2) "there is no direct appeal available to Plaintiff at the moment" and thus no adequate remedy at law; (3) she has already been "wrongfully convicted," showing that her rights are not adequately protected in state court; (4) the first wrongful conviction was affirmed; (5) a second criminal prosecution is pending; (6) she will suffer a "substantial loss or impairment of freedoms of expression" if she must await a final state court judgment; and (7) there are important state interests in protecting free speech and against wrongful convictions. *See id.* The Court finds that these do not constitute extraordinary circumstances that would justify intervention. Although Luo currently (as of the time of the complaint) may not directly appeal, she will be able to do so if convicted, and thus will have a remedy at law. Further, Luo has not provided authority showing that the injunction against posting nude photos of Czodor and other content intended to harm his reputation—based on California's Revenge Porn Law, Penal Code 647(j)(4)—is patently unconstitutional. To the extent that Lou wishes to raise such arguments, she may do so in state court. The Court does not see any risk of "great and immediate" irreparable harm. *See Younger*, 401 U.S. at 45.

### C. Luo may not pursue a Section 1983 claim for the relief she seeks.

The Court previously held that Luo "has not shown that a challenge to her conviction and/or sentence is appropriately raised via a § 1983 complaint." Luo argues that the Court should permit

such a claim, if not under Section 1983, then by allowing Plaintiff to "invoke [the] Civil Rights Act." *See* Mot. at 7–8. But no authority suggests a legal basis for such a remedy. Section 1983 is the typical cause of action for a plaintiff deprived of civil rights, and a Section 1983 claim that "necessarily implie[s] the invalidity of [a] conviction or sentence" is not permitted unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). Luo provided no authority suggesting such a claim is permitted under any other cause of action.

## IV. Conclusion.

For the reasons stated herein, Luo has failed to show any error in the Court's previous Order. Accordingly, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: September 26, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge